UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DEJESUS RODRIGUEZ, | No. 2:15-cv-0158 GGH PS |
| Plaintiff, | |
| v. | ORDER |
| VERONICA VEGA, | |
| Defendant. | |

This action was voluntarily dismissed on December 22, 2015.[1] On August 18, 2016, plaintiff filed a document which the court has now construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 36.) Defendant has filed a response, and plaintiff has filed a document which the court construes as a reply in part. (ECF Nos. 43, 46.)

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S.Ct. 2641, 2645–46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

---

[1] This action is before the undersigned pursuant to the parties' consent to proceed before a magistrate judge. 28 U.S.C. § 636(c).

> under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn, 139 F.3d 664, 665 (9th Cir.1997). Moreover,

> Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is " 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' " *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion." *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002).

Latshaw v. Trainer Wortham etc., 452 F.3d 1097, 1103 (9th Cir. 2006)

Plaintiff's motion is premised on "mistake, inadvertence, surprise, excusable neglect, incarceration, violent circumstance, physical and mental illness, and continuing disability," which appears to mirror in part the language of subdivision (1) of Rule 60(b). This sentence is the sum total of plaintiff's argument as the remainder of his filing pertains to his claims and his proposed second amended complaint. Plaintiff's declaration, (ECF No. 37), provides more information, explaining that the aforementioned circumstances, particularly his incarceration, homelessness and broken arm, impeded his ability to prosecute his case and that he has acted diligently at all times to maintain contact with the court.

Despite these understandable handicaps, plaintiff has failed to establish mistake, inadvertence, surprise or excusable neglect in accordance with Rule 60(b)(1)'s requirements. In fact, plaintiff's reasons for initially voluntarily dismissing his case were the same as those presented now. In his filing requesting voluntary dismissal, plaintiff cites the worsening of his

circumstances, including "certain injuries and disabilities," and "extreme brutalities and circumstances beyond [his] control," which prevent him from pursuing this case. (ECF No. 32.) The lack of any change in plaintiff's circumstances indicates that plaintiff has failed to come forward with a justifiable reason to obtain relief from judgment. Furthermore, these reasons are far too vague and insufficient to establish excusable neglect or any other reason identified in Rule 60(b)(1). Moreover, plaintiff's action was dismissed without prejudice, permitting him to file a new action if he thinks he can now sustain one.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's filing (ECF No. 36), construed as motion for relief from judgment pursuant to Rule 60(b), is denied;
2. Plaintiff's second amended complaint and motion to amend (ECF Nos. 36, 46, 47), are disregarded; and
3. Plaintiff is informed that any future filings in this action will be disregarded. If plaintiff seeks to bring any claims, he shall file a complaint in a new action.

Dated: November 20, 2016

                                     /s/ Gregory G. Hollows
                            UNITED STATES MAGISTRATE JUDGE

GGH:076/Rodriguez0158.60(b)